IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 93-2459
Summary Calendar
_____


CLYDE URA CAIN, SR.,

                              Plaintiff-Appellant,

VERSUS

HEARST CORPORATION,
d/b/a the Houston Chronicle Publishing Company,

                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

(August 30, 1993)

Before GARWOOD, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:


CERTIFICATE FROM THE
UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

TO THE SUPREME COURT OF TEXAS, PURSUANT TO TEX. CONST. ART. 5, § 3-C, and TEX. R. APP. P. 114.


TO THE SUPREME COURT OF TEXAS AND THE HONORABLE JUSTICES THEREOF:


1.   STYLE OF THE CASE.

     The style of the case in which this certificate is made is

Clyde Ura Cain, Sr., Plaintiff-Appellant v. Hearst Corporation,

<u>d/b/a the Houston Chronicle Publishing Company, Defendant-Appel-</u><u>lee</u>, No. 93-2459 in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Southern District of Texas.

2. STATEMENT OF THE CASE.

The plaintiff-appellant, Clyde Cain, is a prison inmate serving a life sentence for murder. He filed suit in Texas state court on January 6, 1993, against the defendant-appellee, Hearst Corporation, d/b/a the Houston Chronicle Publishing Company ("the Chronicle"), alleging that an article regarding his conviction, published in the HOUSTON CHRONICLE on June 30, 1991, invaded his privacy by placing him in a false light by stating that he had been associated with a crime organization known as the Dixie Mafia when in fact, according to Cain, he had no association with any such group. The Chronicle removed on the basis of diversity jurisdiction.

The Chronicle moved for dismissal under FED. R. CIV. P. 12(b)(6), arguing that Cain's alleged cause of action was identical to a libel complaint and thus barred by the one-year statute of limitations in TEX. CIV. PRAC. & REM. CODE ANN. § 16.002 and that, moreover, Texas does not recognize the "false light" tort. Cain responded that he "seeks recovery under the recognized legal theory of false light invasion of privacy" subject to the two-year statute of limitations, presumably referring to TEX. CIV. PRAC. & REM. CODE ANN. § 16.003. The district court granted the motion,

2

citing <u>Hurlbut v. Gulf Life Ins. Co.</u>, 749 S.W.2d 762 (Tex. 1987), and reasoning therefrom "that irrespective of what the plaintiff may call his suit, it is, nevertheless, a suit in libel."

The district court entered final judgment on May 3, 1993. Cain filed a notice of appeal on May 10, 1993.

3. QUESTIONS CERTIFIED.

a. Does Texas recognize the tort of false light invasion of privacy?

b. If Texas recognizes the tort of false light invasion of privacy, which statute of limitations governs actions brought pursuant thereto?

We disclaim any intention or desire that the Supreme Court of Texas confine its reply to the precise form or scope of the question certified.

4. THE PARTIES.

The parties are Clyde Ura Cain, Sr., plaintiff-appellant, and Hearst Corporation, d/b/a the Houston Chronicle Publishing Company, defendant-appellee.

5. THE ATTORNEYS.

Cain appears <u>pro se</u>. His address is as follows:

> 401418 Ellis I Unit
> Texas Department of Criminal Justice,
>   Institutional Division
> Huntsville, TX  77343

The Chronicle is represented by the following attorney:

William W. Ogden
Ogden, Gibson & White, L.L.P.
1750 Pennzoil South Tower
711 Louisiana
Houston, TX  77002-3095


QUESTIONS CERTIFIED.